IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TUJUAN ESTAISYO SESSION, §<br>#01714978, §<br>   Petitioner, §<br>§<br>v. §<br>§<br>WILLIAM STEPHENS, §<br>Director, TDCJ-CID, §<br>   Respondent. § | CIVIL NO. 3:15-CV-0644-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

In 2011, Petitioner was convicted of aggravated assault of a public servant with a deadly weapon and unlawful possession of a firearm by a felon, and was sentenced to imprisonment terms of 65 years and 10 years, respectively. *State v. Session*, Nos. F10-56869, F11-00193 (Criminal District Court No. 5, Dallas County, 2011), *aff'd*, Nos. 05–11–01192–CR, 05–11–01193–CR, 2012 WL 1511261 (Tex. App.—Dallas 2012, no pet.). The Texas Court of Criminal Appeals subsequently denied him state habeas relief. *See Ex parte Session*, Nos. WR-82,504-01 & -02, Doc. 11-20, Doc. 11-23 (Tex. Crim. App. 2015) (denial without written order).

In his timely federal petition, Petitioner asserts ineffective assistance of counsel at trial and on appeal, insufficient evidence, prosecutorial misconduct, and deficient indictments. Doc. 3 at 6-14. Respondent argues the claims lack merit. Doc. 16. Petitioner has filed a reply. Doc. 19.

## II. ANALYSIS

### A.  Procedurally Barred -- Insufficient Evidence (Claim 2)

Petitioner raised his insufficient evidence claim on direct appeal, but did not file a timely petition for discretionary review (PDR) and was subsequently denied extension of time to do so. Doc. 3 at 7; *Session v. State*, Nos. PD-1383-12, PD-1384-12, *docket sheet* (Tex. Crim. App. 2012), available at http://www.search.txcourts.gov/Case.aspx?cn=PD-1383-12&coa=coscca; http://www.search.txcourts.gov/Case.aspx?cn=PD-1384-12&coa=coscca.  The state habeas court denied relief concluding "[s]ufficiency of the evidence is not cognizable in a writ of habeas corpus."  Doc. 11-22 at 66; *see also Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).[1]

Petitioner's failure to challenge the sufficiency of the evidence in a timely PDR constitutes a procedural default that bars review of his claim on the merits.  *See Reed v. Thaler*, 428 Fed. App'x. 453, 454 (5th Cir. 2011) (unpublished *per curiam*) (when a petitioner raises a sufficiency claim only in his state habeas application, "the Texas Court of Criminal Appeals' denial of his application [is] based on an independent and adequate Texas procedural ground such that his sufficiency claim is procedurally defaulted."); *see also Debbs v. Thaler*, No. 3:11–CV–0562–L–BK, 2011 WL 7554582, at *2 (N.D.Tex.2011), recommendation accepted, 2012 WL 912724, at *2 (N.D.Tex. 2012) (collecting cases and finding sufficiency-of-the-evidence claim procedurally barred because not raised in PDR).  While Petitioner may overcome a

---

[1] The state habeas court filed one, combined findings and conclusions addressing both convictions, Doc. 11-22 at 66; Doc. 11-25 at 55.  For consistency, the Court will cite to the former throughout this recommendation.

procedural default by showing cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims, here, he does not offer anything to meet that heavy burden.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *modified by Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012).   In his reply, Petitioner only states that filing a PDR is discretionary, not mandatory, and that Respondent "misdirect[s]" the Court on this issue.  Doc. 19 at 2.  As explained *supra*, Petitioner is wrong.

Thus, Petitioner's sufficiency claim is procedurally barred from federal habeas review.

### B.  Remaining Claims Lack Merit

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  However, that burden is "difficult to meet," as the decision of the state court is reviewed under a highly deferential standard" and afforded the "benefit of the doubt."  *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011); Woodford, 537 U.S. at 24 (citation and internal quotation marks omitted).

In addition, the Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'"  *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted).  In light of the

deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

*Ineffective Assistance of Counsel at Trial (Claim 1)*

Petitioner asserts generally that defense counsel rendered ineffective assistance in failing to object to the admission of certain evidence, as well as an "improper" jury charge. Doc. 3 at 7. The state habeas judge, who was also the trial judge, rejected the ineffective assistance claims as conclusory and meritless, based on counsel's detailed affidavit which addressed the admissibility of the evidence and testimony in question. Doc. 11-22 at 72-75.

> As stated above, it is not enough for Session to claim that his counsel was ineffective without specifically pointing out what mistakes counsel made, how the mistakes affected the verdict, and some legal argument supporting the assertion that error was committed. None of the instances cited by Session (the 911 call, the jail call, the letter from his mother, the tattoo testimony and the jury charge) come close to fulfilling these requirements. The Court declines to review each item and construct a legal theory on its inadmissibility or inadequacy for Session.

> Further, Session does not allege how trial counsel's cross-examination was deficient. The Court will not engage in speculation about other questions that could have been asked, or asked in a different manner. Cross-examination is quintessentially a matter of trial strategy that will not be second guessed without a solid indication of failure. That Session was convicted does not mean that the examination was inadequate.
>
> Counsels Byck and Turner have submitted affidavits which explain why the evidence was admissible. The Court finds these affidavits to be credible and worthy of belief. Based on these affidavits, and the utter lack of substance in Session's claims, no basis for relief is found.

Doc. 11-22 at 65-66.

As in the state habeas court, Petitioner's one-sentence assertions that counsel was deficient in failing to raise various objections are plainly conclusory. Doc. 3 at 7; Doc. 19 at 1. His bare claims of ineffective assistance of counsel are clearly vague and insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without any specific allegation explaining that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced, Petitioner cannot raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."); *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) ("the court need not blindly accept speculative and inconcrete claims") (quoted case omitted). Petitioner's assertions to the contrary are rejected. Doc. 19 at 1.

In addition, even when liberally construed, Petitioner does not allege a non-frivolous basis for trial counsel to have objected to the evidence and testimony in question. *See* Counsel's

affidavit, Doc. 11-22 at 72-75, addressing each alleged failure to object. It is well established that trial counsel is not ineffective for failing to raise a meritless objection. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness"). Moreover, Petitioner does not allege any facts to show a reasonable probability that, but for counsel's failure to object, the outcome of his trial would have been different.

Based on the above, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel at trial. The state court's decision rejecting his claims of ineffective assistance of counsel was a reasonable application of federal law. Therefore, his first claim has no merit.

### Prosecutorial Misconduct and Perjury (Claim 3)

Next, Petitioner asserts the State relied on false, conflicting testimony in obtaining his conviction. Doc. 3 at 9. In essence he claims he never pointed a gun at officers Pacheco and Ford, and the officer's contrary testimony is false. Doc. 3 at 8.

The state habeas court rejected this claim, concluding:

> In claim 3, Session alleges that the police testified falsely. He introduces no new evidence to support this assertion. Instead, Session simply appears to argue that he does not believe the police when they say he pointed the gun at them. The jury heard the testimony and decided the credibility issue against Session. There is nothing to review and no basis for relief is stated.

Doc. 11-22 at 66.

The state court's decision rejecting this ground was not an unreasonable application of clearly established federal law. Petitioner fails to offer any factual or legal support for his allegations of prosecutorial misconduct. *Ross*, 694 F.2d at 1011 (Without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se*

petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). First, Petitioner's bare assertions do not establish that material, false or misleading testimony was admitted at trial. *See Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) (quoting *Giglio v. United States*, 405 U.S. 150, 153 (1972)) (to prove a Due Process Clause violation based on the state's reliance on false testimony, the defendant must establish: "(1) that a witness for the State testified falsely; (2) that such testimony was material; and (3) that the prosecution knew that the testimony was false."); *see also Napue v. Illinois*, 360 U.S. 264, 269, 271 (1959). Second, even assuming the officers' testimony was false, Petitioner has wholly failed to establish that the prosecutors were aware of that fact.

As in the state habeas court, Petitioner has not established that any false testimony was admitted at trial. He produces no evidence to support his perjured testimony claim and relies entirely on his own self-serving statements that he does not trust the police officer's testimony. Doc. 3 at 8-9. "[C]ontradictory trial testimony, however, merely establishes a credibility question for the jury," and does not suffice to establish that certain testimony was perjured. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

Therefore, Petitioner's third claim also fails.

### Ineffective Assistance of Counsel on Appeal (Claim 4)

Petitioner asserts his appellate counsel rendered ineffective assistance in failing to argue on direct appeal the claims alleged in his federal petition. Doc. 3 at 10. The state habeas court rejected his claim. Doc. 11-22 at 66-67.

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland v. Washington* standard in evaluating the ineffective assistance of appellate counsel). Appellate counsel "need

not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).

Here, as detailed above, the issues Petitioner raises here have no merit.  Consequently, appellate counsel was not deficient in failing to raise them on direct appeal.  *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.").  Because Petitioner cannot demonstrate the state court's decision rejecting his ineffectiveness claim was unreasonable, his claim fails.[2]

### Defective Indictment (Claim 5)

Petitioner also asserts the indictments were defective because his name was inverted from "Tujuan Estaisy Session" to "Session Tujuan Estaisy, and, thus, claims he is falsely imprisoned. Doc. 3 at 10-12.  The state habeas court, however, found the claim "utterly frivolous and a mistatment of the record."  Doc. 11-22 at 67.  In fact, the indictment charged Petitioner under the name of "Session, Tujuan Estaisy," the comma correctly denoting Session as his last name.  *Id.*

Nevertheless, Petitioner's assertions fail to raise a federal constitutional claim.  He has not alleged, much less established, that the state indictment was so defective that it deprived the trial court of jurisdiction.  *See McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) ("The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the

---

[2] Petitioner argues at length that appellate counsel was ineffective in failing to timely notify him that the court of appeals had rejected his direct appeal, which he claims deprived him of the opportunity to submit a timely PDR.  Doc. 3 at 9-10.  However, Petitioner did not raise that claim in his state habeas application and, thus, it remains unexhausted.  *See* Doc. 11-22 at 13.

indictment is so defective that it deprives the state court of jurisdiction."). Accordingly, this claim has no merit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**SIGNED** February 8, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE